# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| AMERICAN BEHAVIORAL RESEARCH INSTITUTE, LLC | ) ) ) Civil Action No.: 9:20-cv-81210-DMM |
| Plaintiff, | ) ) |
| v. | ) ) |
| NATROL, LLC, | ) ) |
| Defendant. | ) ) |

**DEFENDANT NATROL, LLC'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND INCORPORATED BRIEF IN SUPPORT**

Civil Action No.: 9:20-cv-81210-DMM

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendant Natrol, LLC ("Natrol") respectfully requests that this Court dismiss Counts III, IV, V, VI, and VII of Plaintiff's Complaint for the reasons set forth herein.[1]

## **PRELIMINARY STATEMENT**

At its core, Plaintiff's Complaint centers around its assertion that Natrol's federally registered trademark RELAXIA, which was allowed and registered by the United States Patent and Trademark Office ("USPTO") without objection, infringes Plaintiff's trademark RELAXIUM. In a transparent attempt to disparage Natrol and its product, rather than simply bringing claims directed to the trademark dispute, Plaintiff attempts to assert claims for violations of the Food Drug and Cosmetic Act ("FDCA"), Complaint at ¶¶ 42-46; 80, and asserts a broad array of other claims that are plead in a conclusory fashion with essential elements omitted. These deficient claims should be dismissed.

First, in Count III, Plaintiff purports to assert a claim of false advertising for alleged violations of the FDCA, but Plaintiff cannot bring this claim. The FDCA provides no private right of action. Moreover, the FDA has the exclusive responsibility for determining whether there is a violation of the FDCA. Because this claim rests entirely upon an alleged violation of the FDCA, and this Court cannot determine whether Natrol has violated the FDCA, this claim cannot proceed.

Second, Plaintiff brings a claim for tortious interference with a contract in Count IV,

---

[1] A motion brought under Federal Rule of Civil Procedure 12(b) extends the time to answer all claims, even those not challenged by the motion. *See* Fed. R. Civ. P. 12(a)(4)(A). *See also Uccello Immobilien GMBH, Inc. v. Steel Bridge Capital*, LLC, 07-21018-CIV, 2007 WL 9702755, at *3 (S.D. Fla. July 2, 2007) ("A party need not file an answer while a partial motion to dismiss is pending") and *Ferk v. Mitchell*, 14-CV-21916, 2014 WL 7369646 at *1 (S.D. Fla. Dec. 29, 2014) (a motion to dismiss "automatically extends [defendant's] time to answer under Rule 12(a)(4) until after the court has ruled.")

which should be dismissed because not only is it based upon alleged violations of the FDCA, but it also fails to allege all of the requisite elements of such a claim. This claim fails as a matter of law because Plaintiff cannot establish that Natrol violated the FDCA. Moreover, Plaintiff fails to allege direct and intentional conduct directed toward it. In fact, Plaintiff's only complaint relates to Natrol's marketing of its own product, which it is entitled to do. Plaintiff also fails to explain how a purchase order constitutes an expectation that the business relationship will continue. As a result of these deficiencies, this claim should be dismissed.

Third, Plaintiff attempts to plead a claim for tortious interference with consumers in Count V that should also be dismissed. Plaintiff includes one anecdote about an unidentified customer that supposedly bought Natrol's product at CVS, but otherwise fails to identify any customers with which Natrol purportedly interfered. This claim is not actionable for interference with potential customers at large. Moreover, the law does not permit a claim for interference with past customers or future customers if the expectation of future business with either is speculative. As such, this claim fails as a matter of law and should be dismissed.

Fourth, Plaintiff asserts four violations of the Lanham Act: Count I (Trademark Infringement under 15 U.S.C. § 1114); Count II (False Designation of Origin under 15 U.S.C. § 1125(a); Count III (False and Deceptive Advertising under15 U.S.C. § 1125(a)); and Count VI (Unfair Competition 15 U.S.C. § 1125(a)). Plaintiff cannot state *three* separate claims under 15 U.S.C. § 1125(a). These claims are overlapping and duplicative. As a result, Count VI is redundant and should be dismissed.

Finally, Plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is fatally flawed. Florida Statutes § 501.201, *et seq*. This is a consumer protection statute, and thus, to state a claim under this statute, Plaintiff must allege harm to a consumer by

an unfair practice or deceptive act. Yet, Plaintiff focuses all of its allegations upon alleged harms to it. *See* Complaint at ¶ 110 "Plaintiff has been and will continue to be damaged by such unfair and deceptive trade practices," and ¶ 112 alleging that Defendant's conduct "has substantially injured or will continue to substantially injure Plaintiff and Plaintiff's business." The FDUTPA does not provide a cause of action for injury to Plaintiff's business. Therefore, this claim lacks an essential element and should be dismissed as a result.

Accordingly, Counts III, IV, V, VI, and VII of Plaintiff's Complaint should be dismissed.

## BACKGROUND

### A. PLAINTIFF'S ASSERTED CLAIMS

Plaintiff's Complaint contains eight causes of action, including: trademark infringement under 15 U.S.C. § 1114 (Count I) ; false designation of origin under 15 U.S.C. § 1125(a) (Count II); false and deceptive advertising under 15 U.S.C. § 1125(a) and the Federal Food, Drug, and Cosmetic Act ("FFDCA") (Count III); tortious interference with contract under Florida common law (Count IV); tortious interference with customers under Florida common law (Count V); unfair competition under 15 U.S .C. § 1125(a) and Florida common law (Count VI); violations of FDUTPA (Count VII); and declaratory relief as to Natrol's right to use the mark in question (Count VIII). Natrol moves to dismiss Counts III, IV, V, VI, and VII for failure to state a claim upon which relief can be granted.

### B. ALLEGED VIOLATIONS OF THE FDCA

Plaintiff complains that Natrol markets RELAXIA using misleading ads. Complaint at ¶ 42. Plaintiff states that Natrol has claimed in ads that it manages stress and anxiety. Complaint at ¶ 43. The crux of Plaintiff's false advertising claim is described more specifically in Paragraph 44:

> Anxiety is a medical disorder and is subject to FDA labeling and advertising guidelines. As set forth in 21 USC § 321(g)(1), Natrol's product is classified as a drug by virtue of the fact that [sic] is marketed as "intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease . . . ." However, Natrol's RELAXIA is not generally recognized as safe and effective for the treatment of anxiety, and the product therefore constitutes a "new drug" under Section 201)(p) of the Food Drug and Cosmetics Act. See 21 U.S.C. § 321(p). New drugs may not be legally introduced or delivered for introduction into interstate commerce without prior approval from the FDA, which Natrol has not obtained. See 21 U.S.C §§ 331(d) and 355(a). FDA approves new drugs on the basis of scientific data and information demonstrating that the drug is safe and effective. Consequently, Natrol's RELAXIA is unsafe and adulterated, and is being sold in violation of the Food, Drug and Cosmetics Act.

Complaint at ¶ 44. Plaintiff continues by alleging that "Natrol falsely claims in its labeling and advertising that RELAXIA is '100% drug free,' despite its classification under 21 U.S.C. § 321(g)(1). Complaint at ¶ 45. Plaintiff also claims that Natrol's RELAXIA violates the Dietary Supplements Health and Education Act, a supplemental section of the FDCA, by advertising RELAXIA using unsubstantiated health claims including the claims related to the treatment of anxiety. Complaint at ¶ 46. As the basis for Count III, Plaintiff asserts that Natrol's claims regarding the "anti-anxiety effects" of its dietary supplement products violate Section 502 of the FDCA, and that Defendant's claim that RELAXIA is '100% drug-free" is false and misleading. Complaint at ¶ 80. Similarly, Plaintiff asserts in support of its tortious interference with contract claim, that Natrol made false statements in its advertisements by making "unauthorized health claims" about its product being able to "manage anxiety." Complaint at ¶ 89.

### C. TORTIOUS INTERFERENCE CLAIMS

Plaintiff also purports to bring claims against Natrol for alleged tortious interference with contract, and tortious interference with customers. For the contract claims, the sum total of the details alleged concerning the existence of a contract is the statement that Plaintiff had a "purchase order" from CVS. Complaint at ¶ 88. Plaintiff alleges that Natrol "sought to

interfere" with this purchase order by convincing CVS to purchase Natrol's RELAXIA product instead of RELAXIUM. Complaint at ¶ 89. The alleged improper conduct by Natrol was "false and misleading advertisements promising that RELAXIA can manage anxiety" and that "Relaxia Ultimate Calm reduces occasional anxiety." *Id*. Plaintiff has not alleged that Natrol directed its conduct toward Plaintiff or its product. Complaint at ¶¶ 86-91.

In Count V, Plaintiff attempts to plead a claim for tortious interference with consumers. Plaintiff does not identify an existing customer with whom Natrol purportedly interfered. *See generally* Complaint at ¶¶ 92-96. Plaintiff does not identify any customers that cancelled their existing orders. *Id.* At most, the claim asserts one anecdote about an unidentified customer that supposedly bought Natrol's product at CVS. *Id.* Otherwise, Plaintiff includes no information to identify the customers for which it seeks a remedy.

### D.  CLAIMS UNDER THE FDUTPA

Count VII OF Plaintiff's Complaint purports to bring an action under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Florida Statutes section 501.201. *See* Complaint at ¶ 110. Plaintiff does not allege harm to a consumer by the alleged unfair practice or deceptive act. *See* Complaint at ¶¶ 108-113. Instead, Plaintiff alleges harms to it. *See* Complaint at ¶ 110 "Plaintiff has been and will continue to be damaged by such unfair and deceptive trade practices," and ¶ 112 alleging that Defendant's conduct "has substantially injured or will continue to substantially injure Plaintiff and Plaintiff's business."

### ARGUMENT

### I.  APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) mandates dismissal of claims for "failure to state a claim upon which relief can be granted." *Lord Abbett Mun. Income Fund, Inc. v. Tyson*,

671 F.3d 1203, 1207 (11th Cir. 2012). In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must contain enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007).

The process of determining whether a complaint meets this standard "is a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A pleading does not satisfy the requirements of Rule 8 when it merely "leaves open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Twombly*, 550 U.S. at 561. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). And where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**II.  COUNTS III, IV, V, VI, AND VII OF PLAINTIFF'S COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**A. COUNT III SHOULD BE DISMISSED BECAUSE IT IS PREMISED ON ALLEGED VIOLATIONS OF THE FDCA.**

Plaintiff brings a claim for "false advertising" in Count III of its Complaint based entirely upon allegations that Natrol purportedly violated the FDCA in the advertising of its products. Plaintiff complains that Natrol's product is a "new drug," and that it allegedly is not recognized as "safe and effective for the treatment of anxiety." *See* Complaint at ¶ 44. Plaintiff even cites to provisions of the FDCA that it claims Natrol has violated. *Id.* However, Plaintiff cannot bring

such claims.

Private enforcement of the FDCA is barred by statute: "Except as provided in subsection (b) [authorizing States to bring certain actions], all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." 21 U.S.C. § 337. "The FDCA and its regulations provide the United States with almost exclusive enforcement authority." *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109, 134 S.Ct. 2228, 189 L.Ed.2d 141 (2014); *see also* 21 U.S.C. § 337(a). As such, the FDCA forbids private actions where the claims require resolution of an alleged violation of the FDCA when the FDA has not itself concluded there was a violation. *Hi-Tech Pharm., Inc. v. HBS Intl. Corp.* 910 F.3d 1186, 1199 (11th Cir. 2018) *citing PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 928 (9th Cir. 2010). The law is clear:

> Because the FDCA forbids private rights of action under that statute, **a private action brought under the Lanham Act may not be pursued** when … the claim would require litigation of the alleged underlying FDCA violation in a circumstance where the FDA has not itself concluded that there was such a violation.

*PhotoMedex*, 601 F.3d at 924 (emphasis added). Here, the FDA has not concluded that Natrol violated the FDCA, nor does Plaintiff even allege as much. As such, Plaintiff cannot assert a claim under the Lanham Act based upon alleged violations of the FDCA.

The Federal Circuit recently addressed this same issue in a similar context to the case at hand. *Amarin Pharma, Inc. v. International Trade Commission*, 923 F.3d 959 (Fed. Cir. 2019). The petitioner in *Amarin* alleged that respondent's products were unapproved "new drugs," that did not meet the definition of "dietary supplement" under the FDCA. *Id.* at 967. The Federal Circuit, relying heavily on *PhotoMedex*, recognized that to litigate these claims via the Lanham Act, rather than the FDCA, would intrude on the enforcement authority of the FDA. *Id*. The

court recognized that determination of whether a dietary supplement constitutes a "new drug" under the FDCA falls squarely within the purview of the FDA. *Id.*

The Eleventh Circuit has specifically recognized that the question of "whether a drug is 'new,' and whether it can be lawfully marketed under the FDCA" requires an original determination by the FDA. *Hi-Tech Pharm., Inc. v. HBS Int'l Corp.* at 1199. The Court held that this rule precludes private actions under the Lanham Act "premised on enforcement determinations that the FDA and other regulatory agencies did not themselves make, such as an action that would require an original determination whether a drug is 'new' and whether it can be lawfully marketed under the FDCA." *Id.* (internal quotations omitted).

Because Count III of Plaintiff's Complaint is premised on purported violations of the FDCA, the claim must be dismissed.

### B. PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH A CONTRACT SHOULD BE DISMISSED BECAUSE IT IS PREMISED ON ALLEGED VIOLATIONS OF THE FDCA AND PLAINTIFF FAILED TO ALLEGE THE ESSENTIAL ELEMENTS OF THE CLAIM.

Under Florida law, the elements of tortious interference with contract include: (1) the existence of a contract; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the contract's breach; (4) the absence of any justification or privilege; and (5) damages resulting from the breach. *United States Life Ins. Co. in the City of New York v. Logus Mfg. Corp.,* 845 F.Supp. 2d 1303, 1320 (S.D. Fla. 2012). Not only is Plaintiff's claim fatally flawed because it relies upon alleged violations of the FDCA to support it, but Plaintiff also fails to allege the necessary elements of the claim.

Plaintiff alleges that Natrol made "unauthorized health claims" to CVS about Natrol's products and their ability to manage anxiety, which supposedly caused CVS to withdraw its purchase order with Plaintiff. To succeed on this claim, Plaintiff would have to establish that

Natrol made "unauthorized health claims" that it was not authorized to make under the FDCA, which is nothing more than a repackaged allegation that Natrol made statements in violation of the FDCA. Because resolution of this claim would require this Court to determine whether a violation of the FDCA occurred, it cannot survive. *See Hi-Tech Pharm., Inc. v. HBS Intl. Corp.* at 1199 (citing *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919) (FDCA forbids private actions where the claims require resolution of an alleged violation of the FDCA when the FDA has not itself concluded there was a violation.)

This claim fails for other reasons too. Plaintiff has not alleged an intentional and unjustified interference with its relationship with CVS. To be liable for tortious interference, a defendant must have both "the intent to damage the business relationship and a lack of justification for doing so." *Romika-USA, Inc. v. HSBC Bank USA, N.A.,* 514 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007). Only "direct and unjustified interference" is actionable. *Rosenbaum v. Becker & Poliakoff, P.A.,* No. 08-81004-CIV, 2010 WL 376309 at * 4 (S.D. Fla. Jan. 26, 2010). *See also Rosa v. Florida Coast Bank,* 484 So. 2d 57 (Fla. 4th DCA 1986). There is no claim where the action complained of is taken to safeguard or promote one's own financial or economic interest. *Genet Co. v. Anheuser-Busch, Inc.* 498 So. 2d. 683, 684 (Fla. 3d DCA 1986).

Importantly, Florida recognizes a "privilege of interference," meaning "where there is no contract right to have the relation continued, but only an expectancy, a competitor has the privilege of interference in order to acquire the business for himself." *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1280 (11th Cir. 2015) (internal quotations omitted) (dismissing a claim of tortious interference where plaintiff failed to allege improper methods). Moreover, even if the plaintiff has an existing, terminable-at-will contract, the defendant's interference to protect or promote its economic interests is privileged unless the

plaintiff alleges the defendant's motive is purely malicious and not coupled with any legitimate competitive economic interest. *Id.* *See also Diversified Mgt. Sols., Inc. v. Control Sys. Research, Inc.*, 15-81062-CIV, 2016 WL 4256916 (S.D. Fla. May 16, 2016) (same).

Significantly, Plaintiff alleges no facts that would support a finding that Natrol acted with the intent to damage Plaintiff's alleged business relationship with CVS, other than a conclusory assertion that Natrol's conduct was "willful." *See* Complaint at ¶ 91. Noticeably absent is any allegation that Natrol *directly* interfered with Plaintiff's alleged business relationship with CVS. According to Plaintiff, Natrol made "unauthorized health claims" in violation of the FDCA, and "convinced CVS to purchase Natrol's RELAXIA instead of [Plaintiff's] RELAXIUM," by sharing "advertising and product samples." *See* Complaint at ¶ 89. A claim for tortious interference cannot be premised on Natrol's promotion of its own products. Here, Plaintiff has not alleged any facts that would support a finding that Natrol did anything other than act in its own legitimate business interests, which is not actionable.

Additionally, Plaintiff's entire claim is based upon an alleged purchase order from CVS with no more detail than that. *See* Complaint at ¶ 88. The speculative hope for future business between Plaintiff and CVS is not sufficient to support a claim for interference. *See Carlwood Safety, Inc. v. Westco Distribution, Inc.,* 446 F. Supp. 3d 970 (M.D. Fla. 2020) (purchase order insufficient to establish business relationship sufficient to support a tortious interference claim). As such, Plaintiff cannot state a claim for tortious interference with contract and the claim should be dismissed.

### C. PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH CUSTOMERS SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO ALLEGE THE ESSENTIAL ELEMENTS.

Plaintiff's claim for tortious interference with customers suffers from the same deficiencies as its claim for tortious interference with business expectancy, but with two additional flaws. The Florida Supreme Court has recognized that a claim for tortious interference with customers requires that Plaintiff prove "a business relationship with *identifiable* customers." *Ferguson Transp., Inc. v. N. Am. VanLines, Inc.,* 687 So.2d 821 (Fla. 1996) (emphasis added). Claims for tortious interference fail where Plaintiff alleges a business relationship with the community at large rather than with "identifiable customers." *Coach Services, Inc. v. 777 Lucky Accessories, Inc.,* 752 F. Supp.2d 1271 (S.D. Fla. 2010). *See also Sarkis v. Pafford Oil Co., Inc.*, 697 So. 2d 524 (Fla. 1st DCA 1997) (upholding dismissal of tortious interference claim based on alleged interference with unidentified customers).

Moreover, while Florida recognizes a claim related to existing customers, it provides no claim related to past or future customers. In *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 813 (Fla. 1994), plaintiff filed suit claiming that defendant's conduct interfered with past, existing, and future customers. Plaintiff claimed that customers with existing orders cancelled those orders and requested refunds in response to defendant's alleged conduct. *Id.* The Court found that plaintiff could recover damages for loss of existing customers because they had matured into an agreement, which would have been fulfilled but for the conduct of defendant. Nevertheless, the Court held that plaintiff could not recover for loss of past or future customers. *Id.* at 815 ("The mere hope that some of its past customers may choose to buy again cannot be the basis for a tortious interference claim," and Plaintiff may not recover where the "'relationship' is based on speculation regarding future sales to past customers.")

Civil Action No.: 9:20-cv-81210-DMM

In its claim for tortious interference with customers, Plaintiff fails to identify a single customer and only references an anecdote related to an unidentified customer that allegedly purchased Natrol's product instead. Plaintiff does not allege that any existing customers cancelled their orders. Plaintiff generally references past purchasers of its product, claiming that these customers would have purchased Plaintiff's product in the future but for Natrol's conduct. But, Plaintiff must do more than speculate that past customers would have purchased Plaintiff's product in the future. Thus, this claim also fails as a matter of law.

### D. PLAINTIFF'S CLAIM FOR UNFAIR COMPETITION SHOULD BE DISMISSED AS REDUNDANT.

Plaintiff asserts three separate claims under 15 U.S.C. §1125(a) of the Lanham Act: Count II for false designation of origin, Count III for false and deceptive advertising, and Count VI for unfair competition. Plaintiff relies upon 15 U.S.C. §1125(a) for its authority to bring all three of these claims. But, this section of the Lanham Act provides for only two distinct types of claims: unfair competition under subsection 1125(a)(1)(A), and false advertising under subsection 1125(a)(1)(B). *Synergy Real Estate of SW Fla., Inc. v. Premier Prop. Mgmt. of SW Fla., LLC,* 578 Fed.Appx. 959, 961 (11th Cir. 2014). A claim for "unfair competition" under 15 U.S.C. 1125(a)(1)(A) encompasses "palming off, false designation of origin and trademark infringement." *Turner Greenberg Assocs., Inc. v. C&C Imports, Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004). Thus, Count VI for "unfair competition," does not state a claim separate from Count II for false designation of origin. Plaintiff can bring only one of them. Count VI should be dismissed as duplicative.

### E. PLAINTIFF'S CLAIM FOR VIOLATION OF THE FLORDIA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff also asserts a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Florida Statutes § 501.201, *et seq*. The FDUTPA "is intended to protect a consumer from unfair or deceptive acts or practices which diminish the value or worth of the goods or services purchased by the consumer." *ADT LLC v. Vivint, Inc.*, 17-CV-80432, 2017 WL 5640725, at *5 (S.D. Fla. Aug. 3, 2017) (quoting *Urling v. Helms Exterminators, Inc.,* 468 So. 2d. 451, 454 (Fla. 1st DCA 1985). The party claiming a violation of the FUDTPA must prove there was an injury or detriment to consumers in order to satisfy all of the elements of a FDUTPA claim. *J.G.G. Tobacco Holding Co., Inc. v. Antigua Esteli Tobacco, Corp.*, 19-23732-CIV, 2020 WL 4926582, at *5 (S.D. Fla. May 20, 2020) (dismissing FDUPTA claim for failure to allege sufficient facts demonstrating consumer harm). Here, not only has Plaintiff failed to allege how a deceptive act by Natrol diminished the value of Plaintiff's goods, but also fails to allege that any consumer suffered an injury. Plaintiff focuses all of its allegations upon alleged harms to it, rather than to consumers. *See* Complaint at ¶ 110 "Plaintiff has been and will continue to be damaged by such unfair and deceptive trade practices," and ¶ 112 alleging that Defendant's conduct "has substantially injured or will continue to substantially injure Plaintiff and Plaintiff's business." To be actionable, Plaintiff's claims must allege that the value of goods or services purchased by a consumer were diminished, and that a consumer was injured as a result. *Sandshaker Lounge & Package Store LLC v. RKR Beverage Inc*, 317CV00686MCRCJK, 2018 WL 7351689, at *6 (N.D. Fla. Sept. 27, 2018) (dismissing FDUPTA claim in trademark infringement case for failure to allege sufficient facts showing consumer injury). Failure to plead these elements is fatal to its FDUTPA claim. This claim should also be dismissed.

Civil Action No.: 9:20-cv-81210-DMM

## **CONCLUSION**

For all of the foregoing reasons, Counts III, IV, V, VI, and VII should be dismissed.

Civil Action No.: 9:20-cv-81210-DMM

Respectfully submitted,

CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Suite 900
Miami, FL  33131
T:  (305) 377-0700
F:  (305) 377-3001

By: /s/  *Spencer H. Silverglate*
      Spencer H. Silverglate
      Florida Bar No. 769223
      ssilverglate@cspalaw.com
      mpedraza@cspalaw.com
      Alexandra C. Hayes
      Florida Bar No. 109482
      ahayes@cspalaw.com
      rrosenberg@cspalaw.com

      Sandra J. Wunderlich (*pro hac vice*)
      TUCKER ELLIS LLP
      100 South Fourth Street, Suite 600
      St. Louis, MO 63102
      T:  (314) 256-2550
      F:  (314) 256-2549
      sandra.wunderlich@tuckerellis.com

*Counsel for Natrol, LLC*

Civil Action No.: 9:20-cv-81210-DMM

## **CERTIFICATE OF SERVICE**

We hereby certify that on September 8, 2020, a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing on all counsel or parties of record listed below:

Amy L Baker, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
111 North Orange Avenue, Suite 1200
Orlando, Florida 32801
Amy.Baker@wilsonelser.com
T: (407) 203-7563
*Counsel for Plaintiff*

                                            CLARKE SILVERGLATE, P.A.

                                     By: /s/  *Spencer H. Silverglate*
                                             Spencer H. Silverglate